1  MICHAEL J. HADDAD (State Bar No. 189114)
   JULIA SHERWIN (State Bar No. 189268)
2  GINA ALTOMARE (State Bar No. 273099)
   HADDAD & SHERWIN
3  505 Seventeenth Street
   Oakland, California  94612
4  Telephone: (510) 452-5500
   Facsimile: (510) 452-5510
5

6  Attorneys for Plaintiffs

7
                    UNITED STATES DISTRICT COURT
8
                    EASTERN DISTRICT OF CALIFORNIA
9

10
   MARIO LOPEZ JR., DECEASED,        )
11 THROUGH HIS CO-SUCCESSORS         )   Case No. 1:11-CV-01547-LJO-SMS
   IN INTEREST, MARIO LOPEZ III AND  )
12 MICHAEL LOPEZ; ELIDA LOPEZ,       )
   Individually; MARIO LOPEZ III,    )
13 Individually; and MICHAEL LOPEZ,  )   **FIRST AMENDED COMPLAINT FOR**
   Individually,                     )   **DAMAGES, DECLARATORY, AND**
14                                    )   **INJUNCTIVE RELIEF, AND DEMAND**
                                      )   **FOR JURY TRIAL**
15          Plaintiffs,              )
                                      )
16 vs.                               )
                                      )
17                                    )
   COUNTY OF TULARE, a public entity, )
18 TULARE COUNTY SHERIFF'S           )
   DEPARTMENT, a public entity,      )
19 TULARE COUNTY SHERIFF-            )
   CORONER WILLIAM WITTMAN, in       )
20 his individual and official capacities, )
   DEPUTY CHRISTOPHER LANDIN,        )
21 Individually, and DOES 1 through 20, )
   Jointly and Severally,            )
22                                    )
                                      )
23          Defendants.              )
                                      )
24 _____   )

25        Plaintiffs, by and through their attorneys, HADDAD & SHERWIN, for their First

26 Amended Complaint against Defendants, state as follows:

27

28

   Case No. 1:11-CV-01547-LJO-SMS:  FIRST AMENDED COMPLAINT AND JURY DEMAND        1

## JURISDICTION

1.     This is a civil rights wrongful death/survival action arising from Defendants' unlawful arrest of, initiation of criminal proceedings against, and wrongful incarceration of MARIO LOPEZ JR., Deceased, as well as Defendants' failure to provide for prisoner-Decedent's serious medical needs, failure to provide competent medical care and treatment, and failure to comply with legal obligations concerning prisoner-Decedent's serious medical needs, occurring in Tulare County, California, and resulting in the death of MARIO LOPEZ JR. by suicide on or about November 24, 2010.  This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, the First, Fourth, and Fourteenth Amendments to the United States Constitution, the Americans with Disabilities Act ("ADA") 42 U.S.C. §§ 1231 et seq. and 12181 et seq., and the Rehabilitation Act ("RA") 29 U.S.C. § 794 et seq. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343(a)(3) and (4), and the aforementioned statutory and constitutional provisions.  Plaintiffs further invoke the supplemental jurisdiction of this court pursuant to 28 U.S.C. § 1367 to hear and decide claims arising under state law.  The amount in controversy herein, excluding interest and costs, exceeds the minimum jurisdictional limit of this Court.

## INTRADISTRICT ASSIGNMENT

2.     A substantial part of the events and/or omissions complained of herein occurred in the County of Tulare, California, and this action is properly assigned to the Fresno Division of the United States District Court for the Eastern District of California, pursuant to Civil Local Rule 120(d).

## PARTIES AND PROCEDURE

3.     Plaintiff MARIO LOPEZ III is the son of MARIO LOPEZ JR., Deceased, and a resident of the State of Wisconsin.  Plaintiff MARIO LOPEZ III brings these claims

individually and as co-successor in interest for Decedent MARIO LOPEZ JR.  Plaintiff MARIO LOPEZ III is entitled to bring these claims individually pursuant to California Code of Civil Procedure sections 377.30 et seq. and 377.60, and federal civil rights law.

4.      Plaintiff MICHAEL LOPEZ is the son of Decedent MARIO LOPEZ JR. and a resident of the State of Wisconsin.  Plaintiff MICHAEL LOPEZ brings these claims individually and as co-successor in interest for Decedent MARIO LOPEZ JR.   Plaintiff MICHAEL LOPEZ is entitled to bring these claims individually pursuant to California Code of Civil Procedure sections 377.30 et seq. and 377.60, and federal civil rights law.

5.      Plaintiff ELIDA LOPEZ is the mother of Decedent MARIO LOPEZ JR. and a resident of the State of California.  Plaintiff ELIDA LOPEZ brings these claims individually pursuant to California Code of Civil Procedure section 377.60 and federal civil rights law. At the time of Decedent's death, Plaintiff ELIDA LOPEZ was dependent on the Decedent, relying on Decedent for financial and other support.  Plaintiff ELIDA LOPEZ is not a successor in interest for Decedent MARIO LOPEZ JR. and does not bring survival claims.

6.      As described above, Plaintiffs bring these claims pursuant to California Code of Civil Procedure sections 377.20 et seq. and 377.60 et seq., which provide for survival and wrongful death actions.  Plaintiffs also bring these claims individually and on behalf of MARIO LOPEZ JR., Deceased, on the basis of 42 U.S.C. §§ 1983 and 1988, the United States Constitution, and federal and state civil rights law.

7.      Defendant COUNTY OF TULARE ("TULARE COUNTY") is a public entity established by the laws and Constitution of the State of California, and owns, operates, manages, directs and controls the TULARE COUNTY SHERIFF'S DEPARTMENT ("TCSD"), also a public entity, which employs other Defendants in this action.

8.      At all material times, Defendant SHERIFF-CORONER WILLIAM WITTMAN ("WITTMAN") was employed as Sheriff-Coroner by Defendant TULARE COUNTY, and he was acting within the course and scope of that employment.  As Sheriff-Coroner, Defendant WITTMAN was the final policymaking official for the TCSD and the Tulare County Jails, ultimately responsible for all policies, procedures and training at the jails. Sheriff-Coroner WITTMAN is being sued in his individual and official capacities.

9.      At all material times, Defendant SHERIFF'S DEPUTY CHRISTOPHER LANDIN ("LANDIN") was employed as a Deputy Sheriff by TULARE COUNTY and the TCSD, and he was acting within the course and scope of that employment.

10.     The true names and capacities of Defendants sued herein as DOES 1-20 ("DOE Defendants") are unknown to Plaintiffs, who therefore sue said Defendants by such fictitious names, and Plaintiffs will seek leave to amend this complaint to show their true names and capacities when the same are ascertained.  Each DOE Defendant was an employee/agent of TULARE COUNTY, and at all material times acted within the course and scope of that relationship.  Plaintiffs are ignorant of the true names and capacities of Defendants sued herein as DOES 1-20, inclusive, because this information has been unascertainable as of the date of filing of this complaint as many of these DOE Defendants may be law enforcement officers and/or civilian employee agents, doctors, nurses, medical and mental health providers, policymakers and representatives of Defendants TULARE COUNTY and the TCSD, and as such many of their records are protected by state statute and can only reasonably be ascertained through the discovery process.

11.     Plaintiffs are informed and believe and thereon allege that each of the Defendants sued herein was negligently, wrongfully and otherwise responsible in some manner for the events and happenings as described in this complaint, and proximately

caused injuries and damages to Plaintiffs.  Further, one or more DOE Defendants was at all material times responsible for the hiring, training, supervision and discipline of other Defendants, including DOE Defendants.

12.     Plaintiffs are informed and believe and thereon allege that each of the Defendants was at all material times an agent, servant, employee, partner, joint venturer, co-conspirator and/or alter ego of the remaining Defendants, and in doing the things alleged in this complaint, was acting within the course and scope of that relationship. Plaintiffs are further informed and believe and thereon allege that each of the Defendants gave consent, aid and assistance to each of the remaining Defendants and ratified and/or authorized the acts or omissions of each Defendant as alleged in this complaint, except as may be otherwise specifically alleged.  At all material times, each Defendant was jointly engaged in tortious activity, and an integral participant in the conduct and events described herein, resulting in the deprivation of Plaintiffs' constitutional rights and other harm.

13.     The acts and omissions of all Defendants were at all material times pursuant to the actual customs, policies, practices and procedures of TULARE COUNTY and the TCSD.

14.     At all material times, each Defendant acted under color of the laws, statutes, ordinances and regulations of the State of California and the United States.

15.      Each Plaintiff timely and properly filed tort claims pursuant to California Government Code sections 910 et seq., and this action is timely filed within all applicable statutes of limitation.

16.     This complaint may be pled in the alternative pursuant to Federal Rule of Civil Procedure 8(d).

## GENERAL ALLEGATIONS

17.     Plaintiffs reallege each and every paragraph in this complaint as if fully set forth here.

18.     This complaint concerns the tragic death of MARIO LOPEZ JR. ("Decedent"). Decedent was a mentally ill man who had suffered for many years from, among other illnesses, depression and schizophrenia, which are serious but treatable psychiatric conditions.  With appropriate medication and treatment, Decedent continued to enjoy life's activities and to have strong and bonding relationships with his mother, sons and other family members.  Prior to the incidents described herein, Decedent had shared a home with his mother, ELIDA LOPEZ, in Ivanhoe, California, for approximately fifteen years.

19.     On or about August 27, 2010, Decedent suffered a mental health relapse. He was at home manifesting signs of his mental illness with unpredictable and threatening behavior.  At this time, Decedent was a disabled individual in need of medical and/or psychiatric care.  Concerned for her son's health and worried that he had not been taking his medication, ELIDA LOPEZ called 911 to have him transported to a hospital.

20.     Defendant Deputy LANDIN responded to the Lopez residence.  At that time, MARIO LOPEZ JR. was obviously a mentally ill and/or emotionally disturbed person requiring medical/psychiatric care pursuant to California Welfare and Institutions Code section 5150.  Deputy LANDIN had actual knowledge that Decedent suffered from mental illness, was expressing suicidal ideation, was a suicide risk, and was in need of medical/psychiatric care at that time.  Deputy LANDIN informed ELIDA LOPEZ that, as she had repeatedly requested, he was taking Decedent to the hospital for a 72-hour evaluation under Welfare and Institutions Code section 5150.  Nevertheless, rather than transport Decedent to an appropriate medical facility, Deputy LANDIN arrested Decedent without

21.     Defendant LANDIN and possibly currently unidentified DOE Defendants wrongfully caused criminal charges to be filed against Plaintiff, and these charges were based on false information, these Defendants' failure to disclose exculpatory evidence and/or other bad faith conduct by these Defendants.  These Defendants acted with malice in initiating and pursuing the criminal action, which was induced by Defendants' fraud, corruption, perjury, fabricated evidence and/or other wrongful conduct undertaken in bad faith.  Defendants knowingly provided misinformation to the prosecutor, concealed exculpatory evidence, and/or otherwise engaged in wrongful or bad faith conduct that was actively instrumental in causing the initiation and continuation of the legal proceedings against MARIO LOPEZ JR.

22.     No reasonable person having the facts and information available to Defendants LANDIN and currently unidentified DOE Defendants would have believed the criminal charges against MARIO LOPEZ JR. were legally tenable given that he was severely mentally ill and/or emotionally disturbed.  These Defendants continued their investigation of MARIO LOPEZ JR. even though they knew or should have known that he was not capable of forming the requisite intent for the crime(s) with which he was charged.

23.     Defendants LANDIN and currently unidentified DOE Defendants either knew they were violating or were deliberately indifferent to the violation of the rights of MARIO LOPEZ JR.

24.     On information and belief, all charges against MARIO LOPEZ JR. were dismissed upon his death, and therefore all charges were ultimately resolved in his favor.

25.     On or about August 27, 2010, MARIO LOPEZ JR. was booked into the Tulare County Jail.  He was a pretrial detainee.  On information and belief, Defendants, including currently unidentified DOE Defendant deputies, jail administrators, medical and mental health personnel and/or law enforcement officers knew and/or must have known that Decedent was a mentally ill and emotionally disturbed person with immediate and serious medical needs.  Defendants further knew and/or must have known that Decedent was suicidal and/or at serious risk for committing suicide.  Defendants were deliberately indifferent to Decedent's immediate and serious medical needs, including the risk of suicide, severe mental illness and emotional disturbance.

26.     Alternatively and/or concurrently, Defendants, including currently unidentified DOE Defendant jail and medical/mental health personnel, failed to properly and appropriately assess and classify MARIO LOPEZ JR. and his serious medical and psychiatric needs.  Defendants failed to properly and adequately monitor and care for MARIO LOPEZ JR.  Defendants failed to provide competent medical care and treatment, failed to have Decedent on appropriate suicide watch protocol, were deliberately indifferent to his serious medical needs and risk of suicide, and failed to provide him access to any available treatment facility that would have given him the medical and psychiatric care and treatment he required.

27.     Defendants failed to provide safe and adequate housing for MARIO LOPEZ JR., including placing him on suicide watch in a safe room or safety cell, without horizontal bars or other defects and/or flaws that would render the cell unsafe for a suicidal person.

28.     On information and belief, on or about November 23, 2010, Decedent was in a cell with two other inmates at the Main Jail, reportedly caused a disturbance, and informed a mental health worker that he was suicidal.  On information and belief, the mental health worker recommended Decedent be placed in a safety cell.  On information and belief, Decedent was moved to the Adult Pretrial Facility and placed in a safety cell at approximately 4:20 p.m., as there were no safety cells available at the Main Jail.

29.     On information and belief, Defendants, including currently unidentified jail and medical personnel, cleared Decedent from the safety cell the very next morning, on or about November 24, 2010.  On information and belief, Defendants transported Decedent back to the Main Jail and placed him in single-person cell, without suicide precautions, at approximately 9:20 a.m.

30.     On or about the early afternoon of November 24, 2010, as a result of Defendants' deliberate indifference to Decedent's serious but treatable medical and mental health conditions and Defendants' other wrongful conduct, MARIO LOPEZ JR. committed suicide at the Tulare County Main Jail.  On information and belief, Decedent was not on suicide watch or any suicide precautions, and Decedent was not housed in a safety cell at this time.

31.     Defendants' wrongful conduct, including but not limited to their decision(s) to deny Decedent necessary medical and psychiatric care, failure to provide competent medical and psychiatric care and treatment, failure to maintain him on suicide watch and appropriate suicide precautions, failure to house him in a safety cell, the manner in which they treated and incarcerated him, and their other conduct under these circumstances was contrary to generally accepted reasonable jail and medical procedures and standards,

failed to comply with the appropriate standard of care, and caused the wrongful death of MARIO LOPEZ JR.

32.     At all material times, and alternatively, the actions and omissions of each Defendant were intentional, wanton and/or willful, conscience-shocking, reckless, malicious, deliberately indifferent to Plaintiffs' rights, done with actual malice, grossly negligent, negligent and objectively unreasonable.

33.     Defendants' wrongful conduct was done at least in part because of Decedent's disability and/or psychiatric condition.

34.     As a direct and proximate result of each Defendant's acts and/or omissions as set forth above, Plaintiffs sustained the following images and damages, past and future, among others:

    a.     Wrongful death of MARIO LOPEZ JR.;

    b.     Hospital and medical expenses;

    c.     Coroner's fees, funeral and burial expenses;

    d.     Loss of support and familial relationships, including loss of love, companionship, comfort, affection, society, services, solace, and moral support;

    e.     Loss of economic support;

    f.     Emotional distress;

    g.     Violation of constitutional rights;

    h.     MARIO LOPEZ JR.'s loss of life, pursuant to federal civil rights law;

    i.     MARIO LOPEZ JR.'s conscious pain, suffering, and disfigurement, pursuant to federal civil rights law;

    j.     All damages and penalties recoverable under 42 U.S.C. §§ 1983 and 1988, and as otherwise allowed under California and United States statutes, codes, and common law.

**COUNT ONE**
**– 42 U.S.C. § 1983 –**
**ALL PLAINTIFFS AGAINST ALL DEFENDANTS LANDIN AND DOES 1-20**

35.     Plaintiffs reallege each and every paragraph in this complaint as if fully set forth here.

36.     Defendants LANDIN and DOES 1-20, by the actions and omissions described above, including violations of the Fourth and Fourteenth Amendments, caused Decedent's wrongful incarceration, which ultimately resulted in his wrongful death.

37.     Defendants DOES 1-20, acting under color of state law in their individual and personal capacities, deprived Decedent as a pretrial detainee of the rights, privileges and immunities secured by the Fourteenth Amendment of the United States Constitution, by subjecting him, or through their deliberate indifference allowing others to subject him, to delay and denial of access to medical and psychiatric care for serious but treatable medical and mental health conditions, and denying him proper and necessary care for his risk of suicide.

38.     Defendants DOES 1-20 knew or must have known that Plaintiff MARIO LOPEZ JR.'s medical and psychiatric conditions were serious but treatable and knew or must have known that he required access and delivery to urgently needed medical and mental health care.  Further, these Defendants had a duty to provide reasonable security, housing on suicide watch, and other appropriate suicide precautions to accommodate his serious medical and mental health conditions.

39.     Defendants DOES 1-20 knew or must have known that if not treated, MARIO LOPEZ JR.'s serious medical and psychiatric conditions would worsen and cause him harm and/or death.

40.     Defendants DOES 1-20, acting under the color of state law in their individual and personal capacities, deprived MARIO LOPEZ JR. of the rights, privileges and immunities secured by the Fourteenth Amendment right to substantive due process under the United States Constitution by subjecting him, or through their deliberate indifference denying and refusing him necessary medical and mental health care and treatment, and/or causing others to deny and/or delay care and treatment to him.

41.     Defendants DOES 1-20 included physicians and/or other medical and mental health professionals responsible for the ongoing care and treatment of MARIO LOPEZ JR., and they knew or must have known  that his condition was worsening, that he required immediate intervention, hospitalization and a higher level of care and protection than was offered at the Tulare County Jails, that he urgently required treatment and monitoring for his serious but treatable medical and psychiatric conditions, and that he needed to be on suicide watch at the jail.  Further, these Defendants knew or must have known that Decedent could not care for himself or advocate for his urgently needed psychiatric intervention and appropriate suicide watch protocol.  These Defendants also knew or must have known, and disregarded, that Decedent required supervision in appropriate and indicated housing, even if kept in jail.

42.     These Defendants ignored, delayed and/or denied MARIO LOPEZ JR.'s urgently needed medical and mental health care and treatment.  As a result of these Defendants' deliberate indifference and/or callous disregard for his need for medical and mental health care and treatment, and their disregard and ignoring of his condition, Decedent suffered damages, pain and suffering, emotional distress, anxiety, depression, confusion, disorientation, loss of life and deprivation of his constitutional rights in an amount not yet ascertained but to be proven.

43. By the actions and omissions described above, Defendants violated 42 U.S.C. § 1983, depriving Plaintiffs of the following clearly established and well-settled constitutional rights protected by the First, Fourth, and Fourteenth Amendments to the United States Constitution:

a. The right to be free from unreasonable searches and seizures, including arrest without probable cause, as secured by the Fourth and Fourteenth Amendments;

b. The right to be free from malicious prosecution as secured by the Fourth and Fourteenth Amendments;

c. The right to be free from an unreasonable ongoing seizure as a pretrial detainee as secured by the Fourth and Fourteenth Amendments;

d. The right to be free from deliberate indifference to serious medical and psychiatric needs while in custody as a pretrial detainee as secured by the Fourteenth Amendment; and

e. The right to be free from wrongful government interference with familial relationships and Plaintiffs' right to companionship, society and support of each other as secured by the First and Fourteenth Amendments.

44. Defendants subjected Plaintiffs to their wrongful conduct, depriving Plaintiffs of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiffs (individually and on behalf of MARIO LOPEZ JR.) and others would be violated by their acts and/or omissions.

45. As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Plaintiffs sustained injuries and damages as set forth above at paragraph 34.

46. The conduct of the individual and DOE Defendants sued in their personal capacities entitles Plaintiffs to punitive damages and penalties allowable under 42 U.S.C. § 1983 and California Code of Civil Procedure § 377.20 et seq. and other state and federal law.  Plaintiffs do not seek punitive damages against municipal defendants.

47.     Plaintiffs are also entitled to reasonable costs and attorney fees under 42 U.S.C. § 1988 and applicable state and federal codes and laws.

**COUNT TWO**
**– 42 U.S.C. § 1983 –**
**MUNICIPAL LIABILITY**
**ALL PLAINTIFFS AGAINST DEFENDANTS TULARE COUNTY, TCSD, WITTMAN, AND DOES 1-20**

48.     Plaintiffs reallege each and every paragraph in this complaint as if fully set forth here.

49.     DOES 1-20 include TULARE COUNTY's and TCSD's custody and other personnel responsible for providing MARIO LOPEZ JR. with proper classification, housing, monitoring, suicide watch precautions and access to medical/psychiatric care for inmates suffering from medical and mental health disabilities.  On information and belief, these Defendants knew or must have known that MARIO LOPEZ JR. was at risk for suicide and in emergent need of access to medical and mental health care, but they acted in conformity with TULARE COUNTY'S and the TCSD's custom, policy and practice of denying inmates at the COUNTY's jails access to medical and mental heath attention and suicide watch, failing to properly classify, house, and/or monitor inmates suffering from medical and mental health disabilities and/or failing to provide medical and mental health care for serious medical and psychiatric conditions.

50.     The unconstitutional actions and/or omissions of Defendants LANDIN and DOES 1-20, as well as other personnel employed by or acting on behalf of Defendants TULARE COUNTY and the TCSD, on information and belief, were pursuant to the following customs, policies, practices and/or procedures of TULARE COUNTY and the TCSD, stated in the alternative, which were directed, encouraged, allowed and/or ratified by policymaking officers for TULARE COUNTY and the TCSD:

a.   To engage in or tolerate unlawful seizures, including the wrongful arrest of mentally ill and/or gravely disabled persons when there is no probable cause to arrest those persons but there is probable cause for a 72-hour evaluation under California Welfare and Institutions Code section 5150;

b.   To engage in or tolerate malicious prosecution;

c.   To fail to use appropriate and generally accepted law enforcement procedures in handling emotionally disturbed and/or mentally ill persons;

d.   To deny inmates at TULARE COUNTY's jails access to appropriate, competent and necessary care for serious medical and psychiatric needs;

e.   To fail to properly classify, house and/or monitor inmates suffering from mental health disabilities, including placement on suicide watch with proper suicide precautions;

f.   To allow, encourage and require unlicensed, inadequately trained and/or inadequately supervised staff to make decisions to place jail inmates on, and remove inmates from, suicide watch and suicide precautions;

g.   To fail to institute proper procedures to coordinate inmate assessment, placement, suicide watch decisions, suicide precautions and care with medical and mental health services, jail physicians, jail psychiatrists and jail corrections staff;

h.   To fail to provide medical and psychiatric care for inmates with serious medical and mental health needs;

i.   To fail to use appropriate and generally accepted jail procedures for handling and housing suicidal, mentally ill and/or emotionally disturbed persons;

j.   To fail to institute, require and enforce proper and adequate training, supervision, policies and procedures concerning handling mentally ill and/or emotionally disturbed inmates at the Tulare County Jails;

k.   To cover up violations of constitutional rights by any or all of the following:

   i.   by failing to properly investigate and/or evaluate complaints or incidents related to the claimed customs, policies, practices and procedures described above in subparagraphs (a) through (h);

        ii.      by ignoring and/or failing to properly and adequately investigate and discipline unconstitutional or unlawful activity at the TULARE COUNTY jails as described above in subparagraphs (a) through (k); and

        iii.     by allowing, tolerating and/or encouraging deputies and jail personnel to: fail to file complete and accurate reports; file false reports; make false statements; intimidate, bias and/or "coach" witnesses to give false information and/or to attempt to bolster officers' and personnel's stories; and/or obstruct or interfere with investigations of unconstitutional or unlawful law enforcement conduct by withholding and/or concealing material information;

    l.      To allow, tolerate and/or encourage a "code of silence" among law enforcement officers and TCSD and TULARE COUNTY personnel, whereby an officer or member of the department or county does not provide adverse information against a fellow officer or member of the department or county; and

    m.    To use or tolerate inadequate, deficient and improper procedures for handling, investigating and reviewing complaints of officer and personnel misconduct made under California Government Code sections 910 et seq.

51.    Defendants TULARE COUNTY and the TCSD, through their administrators and policymakers, including Defendant WITTMAN DOES 1-20, failed to properly hire, train, instruct, monitor, supervise, evaluate, investigate and discipline Defendants LANDIN, DOES 1-20 and other TULARE COUNTY and TCSD personnel, with deliberate indifference to Plaintiffs' constitutional rights, which were thereby violated as described above.

52.    The unconstitutional actions and/or omissions of Defendants LANDIN and DOES 1-20 and other personnel, as described above, were approved, tolerated and/or ratified by policymaking officers for TULARE COUNTY and the TCSD, including Defendant WITTMAN.  Plaintiffs are informed and believe and thereon allege that the details of this incident have been revealed to the authorized policymakers within TULARE COUNTY and the TCSD, including Defendant WITTMAN, and that such policymakers have direct

knowledge of the fact that MARIO LOPEZ JR. was unlawfully arrested, maliciously prosecuted and denied necessary care for his serious medical and mental health needs, among other rights and accommodations.  Notwithstanding this knowledge, the authorized policymakers within TULARE COUNTY and the TCSD have approved of the individual Defendants' conduct and decisions in this matter, and they have made a deliberate choice to endorse such conduct and decisions, and the basis for them, that resulted in the death of MARIO LOPEZ JR.  By so doing, the authorized policymakers within TULARE COUNTY and the TCSD have shown affirmative agreement with the individual Defendant officers' and agents' actions, and they have ratified the unconstitutional acts of the individual Defendant officers and agents.

53.     The aforementioned customs, policies, practices and procedures; the failures to properly and adequately hire, train, instruct, monitor, supervise, evaluate, investigate and discipline; and the unconstitutional orders, approvals, ratification and toleration of wrongful conduct of Defendants TULARE COUNTY, TCSD, WITTMAN and DOES 1-20 were a moving force and/or a proximate cause of the deprivations of Plaintiffs' clearly established and well-settled constitutional rights in violation of 42 U.S.C. § 1983, as more fully set forth above in paragraph 43.

54.     Defendants subjected Plaintiffs to their wrongful conduct, depriving them of rights described herein knowingly, maliciously and with conscious and reckless disregard for whether the rights and safety of Plaintiffs and others would be violated by their acts and/or omissions.

55.     As a direct and proximate result of the unconstitutional actions, omissions, customs, policies, practices and procedures of Defendants TULARE COUNTY, TCSD, WITTMAN and DOES 1-20 as described above, Plaintiffs sustained serious and

permanent injuries and are entitled to damages, penalties, costs and attorney fees as set

forth above at paragraphs 45-47, not including punitive damages.

**COUNT THREE**
**– VIOLATION OF ADA (TITLE II) AND REHABILITATION ACT –**
**ALL PLAINTIFFS AGAINST DEFENDANT TULARE COUNTY**

56.     Plaintiffs reallege each and every paragraph in this complaint as if fully set

forth here.

57.     Plaintiff MARIO LOPEZ JR. was a "qualified individual" with a mental illness,

disability and medical impairments that limited and/or substantially limited his ability to care

for himself and control his mental, medical or physical health condition as defined under

the ADA, 42 U.S.C. § 12131(2), and Section 504 of the Rehabilitation Act ("RA") of 1973,

29 U.S.C. § 794, 28 C.F.R. 42.540(k); qualified as an individual with a mental and physical

disability under California law; and met the essential eligibility requirements of COUNTY

programs to provide access to medical and mental health care services for its

detainee/inmate patients in COUNTY jails while they are in custody.  This Court has

dismissed Plaintiffs' claims previously brought under the California Disabled Persons Act

(DPA).

58.     Defendant TULARE COUNTY's jails and mental health services are places

of public accommodation and a covered entity for purposes of enforcement of the ADA, 42

U.S.C. § 12181(7)(F), and the Rehabilitation Act, 29 U.S.C. § 794, as explicated by the

regulations promulgated under each of these laws.  Further, on information and belief,

Defendant COUNTY and its jails receive federal assistance and funds.

59.     Defendant TULARE COUNTY's jails and mental health services are places

of public accommodation and are covered entities for purposes of enforcement of the ADA,

42 U.S.C. § 12181(7)(F), and the Rehabilitation Act, 29 U.S.C. § 794, , as explicated by the regulations promulgated under each of these laws.

60.     Defendant TULARE COUNTY's jails and mental health services, as a local government and/or departments or agencies thereof, fall within the definition of "program or activity" covered by the RA, 29 U.S.C. § 794(b).  TULARE COUNTY is also within the mandate of the RA that no person with a disability may be "excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity."  29 U.S.C. § 794.

61.     Under the ADA, TULARE COUNTY is mandated to "develop an effective, integrated, comprehensive system for the delivery of all services to persons with mental disabilities and developmental disabilities . . ." and to ensure "that the personal and civil rights" of persons who are receiving services under its aegis are protected.

62.     Congress enacted the ADA upon a finding, among other things, that "society has tended to isolate and segregate individuals with disabilities" and that such forms of discrimination continue to be a "serious and pervasive social problem."  42 U.S.C. § 121019(a)(2).

63.     TULARE COUNTY is mandated under the ADA not to discriminate against any qualified individual "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages or accommodations of any place of public accommodation."  42 U.S.C. § 12182(a).

64.     The ADA, 42 U.S.C. § 12182(b)(1)(A)(iii), provides in pertinent part that "[i]t shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual licensing, or other arrangements, with a good, service, facility, privilege, advantage, or

accommodation *that is different or separate* from that provided to other individuals."
(emphasis added).

65.     Defendant TULARE COUNTY violated the ADA and RA and discriminated
against MARIO LOPEZ JR. and Plaintiffs concerning their ADA and RA rights by: (a) failing
to provide services or accommodate MARIO LOPEZ JR. with access to the programs and
services of TULARE COUNTY's mental health hospitals and facilities for persons who
qualify for access and services under California Welfare and Institutions Code section
5150 and other laws; (b) failing to provide services or accommodate MARIO LOPEZ JR.
as indicated and with appropriate classification, housing and monitoring for a person in its
sole and exclusive custody who they knew was mentally disabled and at risk for suicide;
and (c) failing to provide reasonable accommodations to people with mental disabilities in
custody at its jails, and providing instead a quality of care and service that was different,
separate and worse than the service provided to other individuals with the same
disabilities; (d) failing to accommodate Decedent's disability(ies) by providing necessary
and proper care for his serious medical needs while in jail custody and unable to provide
for those needs himself; (e) failing to accommodate Decedent's disability(ies), including his
medical needs and suicide risk, failing to take proper and appropriate measures to assess
Decedent's suicide risk, place Decedent on proper suicide precautions, and protect
Decedent from self-harm due to his mental and psychiatric disabilities.

66.     Plaintiff MARIO LOPEZ JR. was denied the benefits of the services,
programs and activities of TULARE COUNTY and was denied accommodation for his
disabilities, which deprived him of safety, necessary care, and medical and mental health
programs and services that would have provided planning and delivery of treatment,
follow-up and supervision.  This denial of accommodation, programs and services was the

result of Decedent's disability in that he was discriminated against because he was mentally ill, at risk for suicide and gravely disabled in that he suffered from conditions in which a person, as a result of a mental disorder, is unable to provide for his basic personal needs for food, clothing or shelter and unable to advocate for himself.

67.     As a result of the acts and misconduct of the Defendants complained of herein, Plaintiff MARIO LOPEZ JR. died, and Plaintiffs have suffered, are now suffering and will continue to suffer damages and injuries as alleged above.  Plaintiffs have suffered loss of love and society and claim damages for the wrongful death of their son and father in an amount not yet ascertained but to be proven.  Plaintiffs sustained serious and permanent injuries and are entitled to damages, penalties, costs and attorney fees as set forth above in paragraphs 45-47, and as provided by federal law, including the ADA and RA.

**COUNT FOUR**
**– VIOLATION OF CALIFORNIA GOVERNMENT CODE § 845.6 –**
**ALL PLAINTIFFS AGAINST DEFENDANTS TULARE COUNTY, TCSD, WITTMAN AND**
**DOES 1-20**

68.     Plaintiffs reallege each and every paragraph in this complaint as if fully set forth here.

69.     Defendants WITMMAN and DOES 1-20 knew or had reason to know that Plaintiff MARIO LOPEZ JR. was in need of immediate and higher-level medical and psychiatric care, treatment, observation and monitoring; that he required special housing and security, including being placed on suicide watch and suicide precautions, for his own safety and wellbeing; and each failed to take reasonable action to summon and/or provide him access to such medical and psychiatric care and treatment and/or provide him housing accommodations indicated for him under such circumstances.  Each individual Defendant, employed by and acting within the course and scope of his or her employment with

Defendants TULARE COUNTY and the TCSD, knowing and/or having reason to know this, failed to take reasonable action to summon and/or provide MARIO LOPEZ JR. access to such care, treatment and housing in violation of California Government Code § 845.6.

70.     As legal cause of the aforementioned acts of Defendants TULARE COUNTY, TCSD, WITTMAN and DOES 1-20, Plaintiffs were injured as set forth above, and their losses entitle them to all damages allowable under California law.  Plaintiffs sustained serious and permanent injuries and are entitled to damages, penalties, costs and attorney fees under California law as set forth above in paragraphs 45-47.  Plaintiffs do not seek punitive damages against Sheriff-Coroner Wittman in his official capacity.

**COUNT FIVE**
**– VIOLATION OF CALIFORNIA GOVERNMENT CODE § 52.1 –**
**ALL PLAINTIFFS AGAINST ALL DEFENDANTS**

71.     Plaintiffs reallege each and every paragraph in this complaint as if fully set forth here.

72.     Defendant LANDIN arrested Decedent without probable cause.

73.     Defendant LANDIN and possibly other currently unidentified DOE Defendants maliciously prosecuted Decedent.

74.     Defendants' unlawful arrest and malicious prosecution of Decedent caused Decedent's unconstitutional incarceration.

75.     Defendants' false arrest, malicious prosecution and unconstitutional incarceration of Decedent constitute threats, intimidation and/or coercion under California Civil Code sections 52 and 52.1.  [*See*, Moreno v. Town of Los Gatos, 267 Fed. Appx. 665, 666 (9th Cir. 2008) (officers' threat to arrest some plaintiffs and actual arrest of others may coercively interfere with Fourth Amendment rights); Ohlsen v. County of San Joaquin, 2008 U.S. Dist. LEXIS 44566, at *12-13 (E.D. Cal. 2008) ("the officers interfered with these

1  constitutional rights by 'threats, intimidation, or coercion,' since the officers seized

2  Plaintiff")].

3       76.     Accompanying Defendants' wrongful threats, intimidation and/or coercion,

4  TULARE COUNTY and other Defendants subjected to Decedent to the following violations

5  of separate constitutional and/or statutory rights under the United States Constitution, the

6  California Constitution and California law:

7

8       a.   The right to be free from unreasonable searches and seizures,
9            including arrest without probable cause *and/or* the right to be free from
             malicious prosecution *and/or* the right to be free from an unreasonable
10           ongoing seizure as a pretrial detainee, as secured by the Fourth and
             Fourteenth Amendments;
11

12      b.   The right to be free from deliberate indifference to serious medical
             needs while in custody as a pretrial detainee as secured by the
13           Fourteenth Amendment to the U.S. Constitution, and by the California
             Constitution, Article 1, Sections 7 and 17;
14

15      c.   The right to be free from wrongful government interference with
             familial relationships and Plaintiffs' right to companionship, society and
16           support of each other as secured by the First and Fourteenth
             Amendments to the U.S. Constitution and the California Constitution,
17           Article 1, Sections 1 and 7;

18      d.   The right to enjoy and defend life and liberty; acquire, possess and
19           protect property; and pursue and obtain safety, happiness and privacy
             as secured by the California Constitution, Article 1, Section 1;
20

21      e.   The right to be free from bodily restraint, harm or personal insult as
             secured by California Civil Code section 43;
22

23      f.   The right to medical care as required by California Government Code
             section 845.6.

24      77.    As a direct and proximate result of Defendants' violation of California Civil

25  Code section 52.1 and of Plaintiffs' rights under the law, Plaintiffs sustained injuries and

26  damages, and against each and every Defendant are entitled to relief as described above

27  at paragraphs 45-47 including all damages and treble damages allowed by California Civil

28

Code sections 52 and 52.1 and California law, not limited to costs, attorney fees and civil penalties.  Plaintiffs also seek punitive damages against all individual Defendants in their individual capacities.  Plaintiffs do not seek punitive damages against municipal Defendants.

**COUNT SIX**
**– NEGELIGENCE; PERSONAL INJURIES –**
**<u>ALL PLAINTIFFS AGAINST ALL DEFENDANTS</u>**

78.    Plaintiffs reallege each and every paragraph in this complaint as if fully set forth here.

79.    At all material times, each Defendant owed Plaintiffs the duty to act with due care in the execution and enforcement of any right, law or legal obligation.

80.    At all material times, each Defendant owed Plaintiffs the duty to act with reasonable care.

81.    These general duties of reasonable care and due care owed to Plaintiffs by all Defendants include but are not limited to the following specific obligations:

       a.    To refrain from wrongfully arresting and/or detaining MARIO LOPEZ JR.;

       b.    To refrain from maliciously prosecuting MARIO LOPEZ JR.;

       c.    To provide, or have provided, prompt and appropriate medical and/or psychiatric care to MARIO LOPEZ JR.;

       d.    To provide safe and appropriate jail custody for MARIO LOPEZ JR., including reasonable classification, monitoring and housing, including placing him on suicide watch with proper suicide precautions;

       e.    To summon necessary and appropriate medical and/or psychiatric care for MARIO LOPEZ JR.;

       f.    To use generally accepted law enforcement and jail procedures, tactics and force that are reasonable and appropriate for MARIO LOPEZ JR.'s status as a mentally ill and/or emotionally disturbed person;

g.  To refrain from abusing their authority granted them by law;

h.  To refrain from violating Plaintiffs' rights guaranteed by the United States and California Constitutions, as set forth above, and as otherwise protected by law

82.  Additionally, these general duties of reasonable care and due care owed to Plaintiffs by Defendants TULARE COUNTY, TCSD, WITTMAN and DOES 1-20 include but are not limited to the following specific obligations:

a.  To properly and reasonably hire, supervise, train, retrain, investigate, monitor, evaluate and discipline each person (i) who was responsible for providing medical and/or psychiatric care for detainee/inmate MARIO LOPEZ JR.; (ii) who was responsible for the safe and appropriate jail custody of MARIO LOPEZ JR.; (iii) who was responsible for properly and reasonably classifying, housing and monitoring MARIO LOPEZ JR.; (iv) who denied MARIO LOPEZ JR. medical attention and/or access to medical and/or psychiatric care and treatment; and/or (v) who failed to summon necessary and appropriate medical and/or psychiatric care for MARIO LOPEZ JR.;

b.  To properly and reasonably hire, supervise, train, retrain, investigate, monitor, evaluate and discipline their employees, agents and/or law enforcement offices to ensure that those employees/agents/officers act at all time in the public interest and in conformance with the law;

c.  To make, enforce and at all times act in conformance with policies and customs that are lawful and protective of individual rights, including Plaintiffs'; and

d.  To refrain from making, enforcing and/or tolerating the wrongful policies and customs set forth above at paragraph 50.

83.  Defendants, through their acts and omissions, breached each and every one of the aforementioned duties owed to Plaintiffs.

84.  As a direct and proximate result of Defendants' negligence, Plaintiffs sustained injuries and damages as wrongful death claimants and/or successors in interest, and against each and every Defendant are entitled to relief as described above at paragraphs 45-47.  Plaintiffs also seek punitive damages against all individual Defendants

1   in their individual capacities.  Plaintiffs do not seek punitive damages against municipal

2   Defendants.

3

4           WHEREFORE, Plaintiffs respectfully request the following relief against each and

5   every Defendant herein, jointly and severally:

6

7           a.      Compensatory and exemplary damages in an amount according to
                    proof and which is fair, just and reasonable;

8

9           b.      Punitive damages under 42 U.S.C. § 1983 and federal and California
                    law in an amount according to proof and which is fair, just and
10                  reasonable against all Defendants except municipal Defendants;

11          c.      All other damages, penalties, costs, interest and attorney fees as
                    allowed by 42 U.S.C. §§ 1983 and 1988; the ADA and RA; California
12                  Code of Civil Procedure §§ 377.20 et seq., 377.60 et seq. and 1021.5;
                    California Civil Code §§ 52 et seq., 52.1; and as otherwise may be
13                  allowed by California and/or federal law;

14          d.      Injunctive relief, including but not limited to the following:

15              i.      An order prohibiting Defendants and their sheriff's deputies and
16                      other personnel from unlawfully interfering with the rights of
                        Plaintiffs and others to be free from unreasonable seizures and
17                      restraints and malicious prosecution;

18              ii.     An order requiring Defendants to institute and enforce appropriate
19                      and lawful policies and procedures for handling mentally ill and/or
                        emotionally disturbed persons, suicidal persons and persons with
20                      serious medical needs, both in and out of jail;

21              iii.    An order prohibiting Defendants and their sheriff's deputies and
22                      other personnel from engaging in the "code of silence," as may be
                        supported by the evidence in this case;

23              iv.     An order requiring Defendants to train all sheriff's deputies
24                      concerning generally accepted and proper tactics and procedures
                        for the handling of mentally ill and/or emotionally disturbed
25                      persons, suicidal persons and persons with serious medical needs
                        and this Court's orders concerning the issues raised in injunctive
26                      relief requests (i)-(iii) above.

27          e.      Such other and further relief as this Court may deem appropriate.

28

DATED:  January 12, 2012                    HADDAD & SHERWIN


                                            /s/ Michael J. Haddad
                                            MICHAEL J. HADDAD
                                            Attorneys for Plaintiff

## JURY DEMAND

      Plaintiffs hereby request a trial by jury.


DATED:  January 12, 2012                    HADDAD & SHERWIN


                                            /s/ Michael J. Haddad
                                            MICHAEL J. HADDAD
                                            Attorneys for Plaintiff